**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| MWR HOLDINGS, LLC, THE LEARNING EXPERIENCE SYSTEMS, LLC, and THE LEARNING EXPERIENCE HOLDING CORP.<br><br>        Plaintiffs,<br><br>    v.<br><br>ACADEMY OF TAMPA, INC.<br><br>        Defendant. | Case No: 8:14-cv-1325-T-30MAP |

**DEFAULT FINAL JUDGMENT AND PERMANENT INJUNCTION**

This matter comes before the Court on Plaintiffs MWR Holdings, LLC, The Learning Experience Systems, LLC, and The Learning Experience Holding Corporation's (collectively, "Plaintiffs") Motion for Default Judgment (Dkt. #12). For the reasons given below, and having considered the materials supplied and cited by Plaintiffs in support of their Motion, the Court finds that default judgment is appropriate, and the Plaintiffs' Motion should be granted.

*FINDINGS OF FACT*

1. On June 4, 2014, Plaintiffs MWR Holdings, LLC, The Learning Experience Systems, LLC and the Learning Experience Holding Corporation commenced this action against Defendant Academy of Tampa, Inc. alleging, in pertinent part, that Defendant

engaged in trademark infringement, federal unfair competition, and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.211.

2. On July 30, 2014, the Clerk of Court entered a default against the Defendant. (Dkt. # 11).

3. Plaintiffs are the owners of U.S. Trademark Registration No. 4,105,084 for the "Bubbles the Elephant" character and the wording "THE LEARNING EXPERIENCE CHILD DEVELOPMENT CENTER," U.S. Trademark Registration No. 3,214,487 for their "distinctive school trade dress," the pending U.S. Trademark application for Serial No. 86/054,445 for their "Bubbles the Elephant" character, pending U.S. Trademark Application Serial No. 85/761,890 for their "Bubbles the Elephant" character and the wording "THE LEARNING EXPERIENCE ACADEMY OF EARLY EDUCATION," and the pending U.S. Trademark Application Serial No. 85/749,888 for their "distinctive school trade dress."

4. Plaintiffs use their Bubbles the Elephant mark extensively throughout their licensees' schools and marketing materials, including in their three locations in Tampa.

5. The Defendant operates a child care center called "Kids Corner" located in Tampa, Florida.

6. The Kids Corner child care center features the identical letter and number block pillars, the "Bubbles the Elephant" mark, and the multi-colored block lettering as those featured in Plaintiffs' trademarks.

7. The Kids Corner child care center also features a road sign that incorporates Plaintiffs' "Bubbles the Elephant" mark and multi-colored block lettering.

8. The Defendant was not authorized to use Plaintiffs' marks and intellectual property.

9. The Defendant has harmed Plaintiffs by engaging in the aforementioned infringing activities.

10. The marks so displayed are identical to Plaintiffs federally registered trademarks.

11. The following rates are reasonable based on the respective attorney's experience and the market rate in Tampa: $400.00 for Jason Kislin, $450.00 for Robert Wexler, $400.00 for William Stroever, and $475.00 for Greg W. Kehoe. The requested 35.90 hours were reasonably spent in attaining the result for the Plaintiffs. Therefore, the Plaintiffs' reasonable attorney's fees are $14,647.50.

12. Plaintiff's recoverable costs are $440.97.

## CONCLUSIONS OF LAW

1. By virtue of its default in this matter, the Defendant is deemed to have admitted those facts alleged in the Complaint that are material to Plaintiffs' claims against it.

2. By using Plaintiffs' marks in its child care center, the Defendant has committed acts that are likely to cause confusion among consumers of their services as to the authorization, sponsorship, and affiliation of their services with Plaintiffs. In particular, consumers who use the Defendant's services are likely to believe, falsely, that they have made use of genuine, authorized materials during the conduct of their respective businesses.

3. Accordingly, the Defendant's activities constitute trademark infringement under federal law and Florida common law.

4. The Defendant's same acts constitute a violation of § 43(a) of the Trademark Act of 1946, as amended, in that the display of Plaintiffs' marks constitutes a false designation of the origin of those materials.

5. The Defendant's same acts further constitute unfair competition under 15 U.S.C. § 1125.

6. The Defendant's same acts further constitute a violation of FDUTPA.

7. Defendant's acts are deliberate and willful.

8. Plaintiffs are entitled to a statutory damage award from the Defendant.

9. Plaintiffs are entitled to attorney's fees and costs.

10. Permanent injunctive relief against the Defendant is necessary to prevent continuing harm to Plaintiffs.

11. An injunction forbidding the use of Plaintiffs' marks is an appropriate remedy for the federal unfair competition and FDUTPA violations and is appropriate to protect the rights of the Plaintiffs, its legitimate downstream customers, and the public at large.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Default Judgment (Dkt. # 12) is **GRANTED.**

2. The Court awards Plaintiff statutory damages in the amount of $10,000.00.

3. The Court awards Plaintiff $14,647.50 in attorney's fees and $440.97 in costs for a total amount of $15,088.47.

4. **Final Judgment** is hereby entered in favor of Plaintiffs MWR Holdings, LLC, The Learning Experience Systems, LLC, and The Learning Experience Holding Corporation

and against Defendant Academy of Tampa, Inc. in the amount of **$25,088.47** for which sums let execution issue.

5. **A Permanent Injunction** is hereby entered in favor of Plaintiffs MWR Holdings, LLC, The Learning Experience Systems, LLC, and the Learning Experience Holding Corporation and against Academy of Tampa, Inc., their respective agents, servants, employees, officers, successors, licenses, assigns, and all persons acting in concert or participation with it to:

   a.   cease and desist any present or future use of Plaintiffs' registered and unregistered trademarks, or marks confusingly similar thereto;

   b.   cease and desist any present or future use of signage using Plaintiffs' registered and unregistered trademarks, or marks confusingly similar thereto;

in addition, Defendant, Academy of Tampa, Inc., its employees, representatives, agents, servants, attorneys, and all persons who act in privity or participation with it are **HEREBY ORDERED TO:**

   c.   remove all trade dress, signage, advertising, or other uses of Plaintiffs' trademarks from Defendant's Kid's Corner child care center location.

6. The Clerk of Court shall close this case and terminate any pending motions as moot.

Done and Ordered in Tampa, Florida on this 3rd day of November, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

cc:  Counsel/Parties of Record